IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CARLA Y. NELSON          *

    Plaintiff,          *

    v.          *          Civil Action No. RDB-12-3230

STATE EMPLOYEES CREDIT UNION          *

OF MARYLAND, INC.,          *

    Defendant.          *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Carla Y. Nelson ("Plaintiff" or "Nelson") brought this action against the State Employees Credit Union of Maryland, Inc. ("Defendant" or "SECU") alleging race, color, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"). Plaintiff later amended her Complaint to allege additional claims of race and color discrimination in violation of 42 U.S.C. § 1981 ("Section 1981"), and race, sex, color, and age discrimination in violation of Title 20 of the Maryland Code ("Title 20").[1] Pending before this Court are Defendant's Motions to Dismiss Plaintiff's Complaint (ECF No. 6) and Plaintiff's Amended Complaint (ECF No. 11). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant State Employees Credit Union of Maryland Inc.'s Motion to Dismiss Plaintiff's Complaint

---

[1] MD. CODE ANN., STATE GOV'T, § 20-606(a).

(ECF No. 6) is DENIED AS MOOT and Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 11) is also DENIED.

<u>BACKGROUND</u>

This Court accepts as true the facts alleged in Plaintiff's amended complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff Carla Y. Nelson ("Plaintiff" or "Nelson") is a fifty-two year old African-American woman. Pl.'s Am. Compl. ¶ 1, ECF No. 10. For approximately twenty-nine years, Plaintiff was employed as a Corporate Security Manager at the State Employees Credit Union of Maryland, Inc. ("Defendant" or "SECU"), a not-for-profit, member-owned cooperative organized under Maryland state law that employs more than five hundred (500) individuals. *Id.* ¶¶ 2, 15. At the time of her March 2011 dismissal, Plaintiff alleges that she was "fully qualified for the Corporate Security Manager position and performed the duties of the job in exemplary fashion." *Id.* ¶ 13. Plaintiff notes that she served as President of the Maryland Association of Bank Security, an organization focused on fraud prevention and security at financial institutions. *Id.* ¶ 14.

Plaintiff alleges that as of March 2011, Rachel Kneisly ("Kneisly"), a white woman in her thirties, was her supervisor. *Id.* ¶ 16. According to Plaintiff, Kneisly joined SECU in 2004 with no banking experience and Plaintiff, having extensive experience investigating suspected fraud, began training her in that specialty. *Id.* ¶¶ 17-18. Plaintiff was terminated on March 18, 2011. *Id.* ¶ 15. Plaintiff alleges that Kneisly "never promoted a person of color, or terminated a white person" in her role as supervisor. *Id.* ¶ 19. Plaintiff further alleges that Kneisly personally admitted to making the decision to eliminate Plaintiff's position. *Id.* ¶ 16. Additionally, Plaintiff claims that SECU modified her position following

her departure, and posted it as a Team Leader for Loss and Security Prevention ("Team Leader") position. *Id.* ¶ 20. Ultimately, Plaintiff alleges that SECU "denied [her] the opportunity to apply for the position" on account of her race, color, sex, and age, opting for "a much younger and less experienced white male" to fill the new position. *Id.* ¶¶ 21-24.

Following her March 2011 termination, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 3. The EEOC issued a Dismissal and Notice of Rights dated July 31, 2012, which Plaintiff's attorneys received on August 6, 2012. *Id.* ¶¶ 4-5. Plaintiff filed a Complaint against SECU on November 5, 2012 alleging race, color, and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA"). On December 7, 2012, SECU filed a Motion to Dismiss the Complaint as untimely and for failure to state a claim for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 105(1) (ECF No. 6). On December 26, 2012, Plaintiff amended her Complaint to allege additional claims of race and color discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") and race, sex, color, and age discrimination in violation of Title 20 of the Maryland Code ("Title 20")[2] (ECF No. 10). On January 14, 2013 SECU again filed a Motion to Dismiss Plaintiff's Amended Complaint as untimely and for failure to state a claim for relief (ECF No. 11).

---

[2] *See supra* note 1.

## <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.) Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to prove an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

## ANALYSIS

### I. Timeliness

The Defendant argues that Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA") should be dismissed as untimely because Plaintiff failed to file her Complaint within ninety (90) days of receiving her Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). Plaintiff responds that although the Notice of Right to Sue was mailed on August 1, 2012 and she did not personally receive a copy, her attorney's case manager received it on August 6, 2012. *See* Aff. John Pinkus, p. 1-2, ECF No. 16-2. Accordingly, Plaintiff contends that her Complaint filed on November 5, 2012, ninety days after receipt, is timely.

It is well established that, to assert a cause of action under Title VII or the ADEA, a claimant must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147,

149-50 (1984) (ruling that a claimant forfeits its right to pursue a claim under Title VII if suit is not brought within ninety days). The ninety day period is not jurisdictional, but instead is treated as a statute of limitations period. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982). Nevertheless, the ninety day timing requirement is strictly enforced. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (ruling that an action filed ninety-one days after the claimant's wife received the notice was untimely). The United States Court of Appeals for the Fourth Circuit does not follow an "actual receipt" rule. *See West v. CSX Corp.*, No. JFM-05-3256, 2006 WL 373843 at *2 (D. Md. 2006). "The limitations period is triggered when the Postal Service delivers notice to a plaintiff that the right-to-sue letter is available for pickup, and not when the letter is actually picked up." *Id.* (citing *Watts-Means v. Prince George's Family Crisis Center*, 7 F.3d 40, 42 (4th Cir. 1993)). Furthermore, where the date of receipt is uncertain or otherwise disputed, courts presume that the notice to sue was received within three days of the date upon which it was mailed. *Darden v. Cardinal Travel Ctr.*, 493 F.Supp.2d 773, 775 (W.D. Va. 2007) (citing *Ish v. Arlington County, Va.*, 918 F.2d 955 (4th Cir. 1990) (unpublished)).

Although Defendant claims that the date of receipt is in dispute, and therefore that the court should presume receipt within three days of mailing, Plaintiff has submitted a sworn affidavit from her attorney's case manager verifying receipt on August 6, 2012. *See* Aff. John Pinkus, p. 1-2, ECF No. 16-2. There is no evidence to the contrary. Accordingly, date of receipt is not uncertain or otherwise disputed in this case. As the right-to-sue letter was received on August 6, 2012, and Plaintiff filed her Complaint with ninety days thereafter, on November 5, 2012, her Complaint is timely.

## II. Plaintiff's Race, Color, and Sex Discrimination Claims

The Defendant argues that Plaintiff's race, color, and sex discrimination claims under Title VII, race and color discrimination claims under 42 U.S.C. § 1981 ("Section 1981"), and race, color, and sex discrimination claims under Title 20 should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. With respect to Plaintiff's Title VII and Title 20 claims, the Defendant contends that Plaintiff "fails to articulate specific facts which raise her . . . claims . . . above the speculative level," Mot. to Dismiss Compl., p. 11, ECF No. 6-1, and "provid[es] nothing more than a mere recitation of the elements," Mot. to Dismiss Amend. Compl., p. 11, ECF No. 11-1. With respect to Plaintiff's Section 1981 claims, the Defendant argues that Plaintiff "fails to allege that the Defendant *intended* to discriminate against her, . . . a necessary element in stating a *prima facie* case." Mot. to Dismiss Amend. Compl., p. 13, ECF No. 11-1.

Where, as here, the record contains no direct evidence of discrimination, a plaintiff's claims must be analyzed under the burden-shifting scheme established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Under this framework, the plaintiff must first make out a *prima facie* case of discrimination. If a *prima facie* case is established, the burden of production shifts to the defendant to offer a legitimate, non-discriminatory reason for its adverse employment action.[3] *See O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311 (1996). If the employer fulfills this reciprocal duty, the burden reverts back to the plaintiff to establish that the defendant's proffered reason is pretextual and that her termination was instead racially motivated. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507-08 (1993).

---

[3] At this stage of the proceedings, Defendant has not, as of yet, offered a legitimate, non-discriminatory reason for its adverse employment action.

An employee establishes a *prima facie* case of disparate treatment on the basis of race, color, or gender discrimination under Title VII and 42 U.S.C. § 1981 by showing that (1) she is a member of a protected class; (2) her job performance was satisfactory; (3) she was subjected to an adverse employment action; and (4) similarly situated employees outside of her class received more favorable treatment.[4]  *See Holland v. Washington Homes, Inc.*, 487 F.3d 208, 214 (4th Cir. 2007); *see also Prince-Garrison v. Md. Dep't of Health & Mental Hygiene*, 526 F. Supp. 2d 550, 554 (D. Md. 2007) (citing *McCain v. Waste Mgmt., Inc.*, 115 F. Supp. 2d 568, 573 (D. Md. 2000)).  "The central focus of the inquiry is whether the employer has treated 'some people less favorably than others because of their race, color, religion, sex or national origin.'"  *Foreman v. Weinstein*, 485 F. Supp. 2d 608, 612 (D. Md. 2007) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).  Additionally, Maryland courts routinely look to Title VII cases to determine a defendant's scope of liability under Title 20 of the Maryland Code.  *See, e.g., State Comm'n. on Human Relations v. Kaydon Ring & Seal, Inc.*, 818 A.2d 259, 277 (Md. App. 2003).  Accordingly, to establish a *prima facie* case under Title 20, a Plaintiff must allege the same elements as required for a Title VII claim.  *See Moore v. Sprint Commc'n Co., LP*, No. RDB-11-00290, 2012 WL 4480696, at *6 (D. Md. Sept. 27, 2012).

Plaintiff's complaint satisfies the first requirement as she is an African-American woman over the age of forty and therefore a member of three protected classes.  Plaintiff satisfies the second requirement because she cites her role as a trainer in fraud investigations

---

[4] The Defendant contends that Plaintiff is required to plead discriminatory intent.  This Court applied a three-prong test, requiring that "the defendant intended to discriminate on the basis of race" to a Section 1981 discrimination claim in *Baltimore-Clark v. Kinko's, Inc.*, 270 F. Supp. 2d 695, 699 (D. Md. 2003).  However, the Court noted that it was applying a standard specifically reserved for claims involving retail transactions, acknowledging that "[m]ost 1981 actions involve employment discrimination claims, and courts analyze such cases employing the same statutory scheme used in cases brought under Title VII."  *Id.* at 698-99.

and recent service as President of the Maryland Association of Bank Security as evidence of her qualifications and exemplary performance as a Corporate Security Manager. Moreover, the Defendant does not dispute Plaintiff's qualifications or performance. Plaintiff also satisfies the third requirement as she alleges that she was terminated from her position as a Corporate Security Manager. *See Elries v. Denny's, Inc.*, 179 F. Supp. 2d 590, 598 (D. Md. 2002) (holding that termination constitutes adverse employment action for the purpose of stating a *prime facie* discrimination claim). Finally, Plaintiff satisfies the fourth requirement because she alleges that her supervisor never terminated a white person, yet abolished Plaintiff's position. Furthermore, Plaintiff alleges that SECU posted a modified version of her position after her departure, denied Plaintiff the opportunity to apply for it, and hired a much younger, less experienced white male to fill the new position. Accordingly, Plaintiff has stated *prima facie* claims of race, color, and sex discrimination under Title VII and Title 20, and race and color discrimination under Section 1981.

## III. Plaintiff's Age Discrimination Claims

The Defendant argues that Plaintiff's claims of age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA") and Title 20 should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Defendant argues that Plaintiff fails to "raise her ADEA discrimination claims above the speculative level," specifically with respect to the fourth element. Mot. to Dismiss Compl., p. 12-13, ECF No. 6-1.

The ADEA "protect[s] a relatively old worker from discrimination that works to the advantage of the relatively young." *Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 591

(2004). In order to allege a *prima facie* case of discriminatory discharge under the ADEA, a plaintiff must assert that she (1) is a member of the protected class, i.e. is at least 40 years old; (2) suffered an adverse employment action; (3) was meeting her employer's legitimate expectations at the time of the adverse action; and (4) was replaced by or treated less favorably than someone who is either outside the protected class or "substantially younger" than she is. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 313 (1996); *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc). The same elements have been required to state a *prima facie* claim of age discrimination under Title 20. *See Dobkin v. Univ. of Baltimore Sch. of Law*, 63 A.3d 692, 699-700 (Md. App. 2013); *Wise v. Gallagher Basset Servs., Inc.*, 228 F. Supp. 2d 671, 674 (D. Md. 2002). If the Plaintiff can do this, the burden then shifts to the Defendant to produce evidence that it took the adverse employment action against the Plaintiff "for a legitimate, nondiscriminatory reason."[5] *Id.* at 142 (citing *Tex. Dept. Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). If the Defendant provides such a reason, the burden shifts back to the Plaintiff to show that the Defendant's explanation is pretextual. *Karpel v. Inova Health Sys. Servs.*, 134 F.3d 1222, 1228 (4th Cir. 1998).

Plaintiff's complaint satisfies the first requirement as she was over the age of forty at the time of her termination and was therefore a member of a protected class. As stated previously, Plaintiff meets the second and third requirements, which mirror the requirements for claims under Title VII, Section 1981, and Title 20. Plaintiff also satisfies the fourth requirement because she alleges that Defendant posted a modified version of Plaintiff's

---

[5] *See supra* note 3.

position after her departure, denied Plaintiff the opportunity to apply for it, and hired a much younger, less experienced man to fill the new position. Accordingly, Plaintiff has stated *prima facie* claims of age discrimination under the ADEA and Title 20.

## CONCLUSION

For the reasons stated above, Defendant State Employees Credit Union of Maryland, Inc.'s Motion to Dismiss the Complaint (ECF No. 6) and to Dismiss the Amended Complaint (ECF No. 11) are DENIED.

Dated:       July 12, 2013

                                      /s/_____
                                      Richard D. Bennett
                                      United States District Judge